**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

DAWN B.[1]

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendants.

Case No. 3:22-cv-0043

Rice, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff filed this Social Security appeal in order to challenge the Defendant's determination that she is not disabled. Proceeding through counsel, Plaintiff presents one claim of error, which the Defendant disputes. As explained below, the Administrative Law Judge (ALJ)'s finding of non-disability should be **AFFIRMED**, because it is supported by substantial evidence in the administrative record.

**I.    Summary of Administrative Record**

Plaintiff applied for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) on June 27, 2019, alleging disability as of July 12, 2018. (Tr. 223-534, 238-244). The Administration denied Plaintiff's claim initially and upon reconsideration. A hearing conducted by telephone on December 2, 2020, at which Plaintiff and vocational expert, Mark Pinti testified. ALJ Stuart Adkins issued a decision on February 2, 2021, denying Plaintiff's applications. (Tr. 13-23). Plaintiff now seeks judicial review of the denial of her application for benefits.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials. *See* General Order 22-01.

Plaintiff was born in 1971 and was 47 years old on the alleged onset date of disability. She completed high school and has past relevant work as daycare worker and a cook.

Based upon the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "rheumatoid arthritis, femur fracture status post surgery, Barrett's esophagus, bilateral metatarsalgia, osteoarthritis in the feet, degenerative disc disease of the lumbar spine, obesity, anxiety, and panic disorder." (Tr. 16). The ALJ concluded that none of Plaintiff's impairments alone or in combination met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix 1. Despite these impairments, the ALJ determined that Plaintiff retains the RFC to perform light work subject to the following non exertional limitations:

> She can lift and carry 20 pounds occasionally and 10 pounds frequently. She can stand and walk for 4 hours in an 8-hour day; and sit for 6 hours in an 8-hour day. She can never climb ladders, ropes, or scaffolds; but can occasionally climb ramps and stairs. She can occasionally stoop, kneel, crouch, and crawl; but should avoid unprotected heights, dangerous machinery, and commercial driving. She can perform tasks that are not at a production rate pace and without strict performance quotas. She can have occasional interaction with supervisors, coworkers and the general public. Further, she can tolerate occasional changes to a routine work setting defined as one to two per week.

(Tr. 18). The ALJ concluded that based on Plaintiff's age, education, work experience, and RFC, a hypothetical individual would be able to perform the requirements of a significant number of jobs, including folder, inspector, and packager. (Tr.22). Accordingly, the ALJ determined that Plaintiff is not under disability, as defined in the Social Security Regulations, and is not entitled to DIB or SSI. *Id.*

The Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's decision stands as the Defendant's final determination. On appeal to this Court, Plaintiff

2

argues that the ALJ erred by failing to properly evaluate the opinion evidence.

Upon close analysis, I conclude that Plaintiff's arguments are not well-taken.

## II.     Analysis

### A.  Judicial Standard of Review

To be eligible for benefits, a claimant must be under a "disability." *See* 42 U.S.C. §1382c(a).  Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies.  *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted).  In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).  If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability.  *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).  As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion.... The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts.  If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

3

*Id.* (citations omitted).

In considering an application for supplemental security income or for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy.  See *Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); see also *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528-29 (6th Cir. 1997) (explaining sequential process); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that he is entitled to disability benefits.  20 C.F.R. § 404.1512(a).  A claimant seeking benefits must present sufficient evidence to show that, during the relevant time period, he suffered an impairment, or combination of impairments, expected to last at least twelve months, that left him unable to perform any job.  42 U.S.C. § 423(d)(1)(A).

**B. The ALJ's Decision is supported by Substantial Evidence**

Plaintiff presents only one claim of error for the Court's review; namely, she asserts that the ALJ erred in evaluating the opinion of Amita Oza, M.D. Plaintiff's contention is unavailing.

Here, in formulating Plaintiff's RFC, the ALJ found the opinions of the state agency physicians Steve McKee, M.D. and Rebecca Neiger, M.D. "persuasive." (Tr. 21). On January 4, 2020, Dr. McKee opined, on initial consideration, that Plaintiff could lift, carry, push and pull 10 pounds frequently and 20 pounds occasionally; stand and/or walk about 4 hours in an 8-hour workday; and sit about 6 hours in an 8-hour workday. (Tr. 67-78). Dr. McKee opined that Plaintiff could occasionally stoop, kneel, crouch, crawl and climb ramps/stairs; and never climb ladders, ropes, and scaffolds. (Tr. 68). Dr. McKee wrote that "due to limping gait and chronic pain [Plaintiff] should minimize concentrated exposure to hazards such as unprotected heights, heavy moving machinery, open flames and commercial driving." (Tr. 69). On May 6, 2020, Dr. Neiger completed a separate review on reconsideration and affirmed Dr. McKee's restrictions in full. (Tr. 98-102).

The ALJ found the opinion of consultative examining physician Amita Oza, M.D. unpersuasive. Notably, in December 2019, Plaintiff saw Dr. Oza at the request of the state agency; Plaintiff reported low back pain that limited her ability to sit, stand, or walk to only 30 minutes at a time. (Tr. 502). Dr. Oza noted that she limped, favoring her right side, but did not use a cane regularly. (Id.). On examination, muscle test showed 5/5 strength in all muscles, no muscle spasm and no atrophy. (Tr. 505-506). There was normal range of motion in her cervical spine, shoulders, elbow, wrists, fingers, as well as her left hip, knee and ankle. (Tr. 506-508). She was slightly restricted in her lumbar spine,

and right hip, knee and ankle. (Id.). Accordingly, Dr, Oza opined that Plaintiff "appears that she is uncomfortable if she is sitting, standing, or walking for more than 20 minutes and hence, work-related activities seem to be affected at this time, but she can do something from home where she can make herself comfortable. She is not good with computers, but she can do something answering the phone, etc." (Tr. 504). The ALJ noted that Dr. Oza's opinion is not support by her largely normal examination findings. (Tr. 21). The ALJ further noted that Dr. Oza's assessment is based largely upon Plaintiff's subjective complaints and is not consistent with the record as a whole noting generally normal findings. Id.  Plaintiff argues the ALJ improperly weighed the opinion evidence.

The new regulations for evaluating medical opinions are applicable to this case because Plaintiff's claim was filed after March 27, 2017. (PageID 37, 223-234, 238-244). See 20 C.F.R. § 404.1520c. The new regulation at 20 C.F.R. § 404.1520c differs from the previous regulation at 20 C.F.R. § 404.1537 in several key areas. The agency no longer has a "treating source rule" deferring to treating source opinions. 82 Fed. Reg. 5844, 5853 (Jan. 18, 2017) (technical errors corrected by 82 Fed. Reg. 15,132 (Mar. 27, 2017)). Under the new regulations, the agency "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources." 20 C.F.R. § 404.1520c(a). Further, while the ALJ must articulate consideration of all medical opinions, the new regulations no longer mandate the "controlling weight" analysis or the "good reasons" standard in weighing a treating source opinion. Compare 20 C.F.R. § 404.1537(c)(2) with 20 C.F.R. § 404.1520c(a), (b). The ALJ is only required to explain how he considered the supportability and consistency factors, which are the two most

6

important factors in determining the persuasiveness of a medical source's opinion or a prior administrative medical finding. 20 C.F.R. § 404.1520c(b)(2). The ALJ may, but is not required to, explain how he considered the other remaining factors in paragraphs (c)(3) through (c)(5), such as specialization or treatment relationship or length, when articulating how he considered medical opinions. See 20 C.F.R. §§ 404.1520c(b)(2)-(3).

Plaintiff argues that the ALJ improperly "played doctor" by disagreeing with Dr. Oza's own interpretation of her own medical examination. *See Simpson v. Comm'r of Soc. Sec.*, 344 Fed. Appx. 181, 194 (6th Cir. 2009) ("ALJs must not succumb to the temptation to play doctor and make their own independent medical findings.").

Plaintiff further argues that the ALJ found the opinions of state agency reviewers Steve McKee, M.D. and Rebecca Neiger, M.D. "persuasive" (Tr. 21), but Drs. McKee and Neiger both opined that Dr. Oza's conclusion is "generally consistent and medically supported based on presentation during objective evaluation and collateral information in file." (Tr. 67, 84, 97). Dr. Neiger also opined that given Plaintiff's lower extremity issues and limping gait, sedentary exertion work is most appropriate. (Tr. 102). As such, Plaintiff contends that the ALJ failed to reconcile these findings from the state agency reviewers with their inconsistent finding that Plaintiff can lift/carry up to 20 pounds and stand/walk for four hours per workday. Plaintiff argues that the ALJ failed to apply scrutiny to these contradictory inconsistencies within the state agency opinions.

As noted by the Commissioner, the ALJ explained that he found Dr. McKee's and Dr. Neiger's assessments persuasive because their "opinions are consistent with the record as a whole." (Tr. 21). For example, the ALJ explained that the record contained multiple "exams noting normal findings including a normal gait, normal range of motion,

7

normal strength, and normal abdominal exams." (Id.). The ALJ then noted that examinations from after reconsideration "are consistent with the record as a whole which continued to note the same." (Tr. 21). For example, in June, August, and September 2020, Plaintiff had normal ambulation, normal tone and strength, no contractures or swelling, and normal range of motion in her back and extremities with no spasm. (Tr. 674, 679, 683). See Tyra v. Sec'y of HHS, 896 F.2d 1024, 1030 (6th Cir. 1990) ("Though claimant's physicians consistently reported Tyra's subjective complaints of pain, he had no underlying neurological abnormalities, atrophy or proportionate loss of sensory and reflex reactions."). Elsewhere, the ALJ noted that Plaintiff's exams were generally "normal, [with] a normal gait; no clubbing, cyanosis, or edema; no tenderness; normal back curvature with normal range of motion and no spasms; normal strength and tone; no malalignment; and normal abdominal findings." (Tr. 19). See Hill v. Comm'r of Soc. Sec., 560 F. App'x 547, 551 (6th Cir. 2014) (recognizing that the ALJ's decision should be read as a whole). Accordingly, the ALJ properly discussed the ways in which Dr. McKee's and Dr. Neiger's assessments were consistent with the record. See 20 C.F.R. § 404.1520c(c)(2) (discussing the factor of consistency when evaluating medical opinion evidence). Moreover, the ALJ then assessed additional limitations to account for the claimant's subject complaints. (Tr. 21).

With respect to the opinion of Dr. Oza, in addressing the factor of supportability, the ALJ discussed that the "opinion is not supported by Dr. Oza's objective exam noting largely normal findings." (Tr. 21). Indeed, aside from a small limp and slightly reduced range of motion in her lumbar spine and right lower extremity, muscle testing showed full strength, no atrophy, and the exam was otherwise unremarkable. (Tr. 502-508). In other

8

words, Dr. Oza did not explain how such mild abnormalities on examination supported such restrictive work limitations. As such, her work limitations were conclusory. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) ("[T]he ALJ is not bound by conclusory statements of doctors, particularly when they are unsupported by detailed objective criteria and documentation."). It is well-settled an ALJ can properly reject any opinion that lacks any meaningful explanation. *Ilesamni-Woods v. Astrue*, No. 3:09-CV-0479, 2010 WL 5490998, at *8 (S.D. Ohio Nov. 29, 2010) (Ovington, MJ) (ALJ properly rejected treating physician's opinion where doctor "did not explain his disability conclusions in any meaningful detail.").

Plaintiff also appears to argue that the ALJ's evaluation of the opinion evidence is not supported by substantial evidence because the state agency reviewing physicians Drs. McKee and Neiger opined that Dr. Oza's findings were "generally consistent and medically supported based, on presentation during objective evaluation, and collateral information in file." (Tr. 67, 84, 97). Plaintiff further argues that Dr. Neiger determined that sedentary work is most appropriate.

Upon review of the record, although Drs. McKee and Neiger found Dr. Oza's assessment to be *generally* consistent and medically supported, they both opined that Plaintiff could perform light work; namely that Plaintiff that could lift, carry, push and pull 10 pounds frequently and 20 pounds occasionally; stand and/or walk about 4 hours in an 8-hour workday; and sit about 6 hours in an 8-hour workday. (Tr. 67-68, 98-99). Similarly, although Dr. Neiger stated that sedentary work may be most appropriate, she affirmed Dr. McKee's restrictions in full, finding Plaintiff capable of performing light work. (Tr. 98-102).

The record provides substantial evidence to support the ALJ's assessment of Plaintiff's RFC, and Plaintiff failed to prove that she had additional limitations. The Commissioner's findings must stand if substantial evidence supports them, regardless of whether the reviewing court would resolve conflicts in the evidence differently. *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a 'zone of choice' within which the Commissioner can act, without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek,* 139 S. Ct. at 1154; see *Hickey-Haynes v. Barnhart*, 116 F. App'x 718, 726 (6th Cir. 2004) (stating "substantial evidence is a fairly low bar"). Here, substantial evidence supports the ALJ's findings and conclusion that Plaintiff was not disabled within the meaning of the Social Security Act.

### III. Conclusion

For the reasons explained herein, **IT IS RECOMMENDED THAT** Defendant's decision is **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and should be **AFFIRMED,** and that this case be **CLOSED**.

<u>s/Stephanie K. Bowman</u><br>
Stephanie K. Bowman<br>
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAWN B.[2]

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendants.

Case No. 3:22-cv-0043

Rice, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

---

[2] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials. *See* General Order 22-01.

12