IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAWN B.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

:
:
:
:
:

Case No. 3:22-cv-43

JUDGE WALTER H. RICE

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #12); OVERRULING PLAINTIFF'S OBJECTIONS THERETO (DOC. #13); AFFIRMING NON-DISABILITY FINDING; JUDGMENT TO ENTER IN FAVOR OF DEFENDANT AND AGAINST PLAINTIFF; TERMINATION ENTRY

---

This matter is currently before the Court on Plaintiff's Objections to United States Magistrate Judge Stephanie Bowman's Report and Recommendations, Doc. #13, and Defendant's Response thereto, Doc. #14. Magistrate Judge Bowman recommended that the Court affirm the Administrative Law Judge's ("ALJ's") non-disability finding. Doc. #12. Based on the reasoning and citations of authority set forth in the Report and Recommendations, Doc. #12, as well as upon a thorough *de novo* review of this Court's file and the applicable law, the Court ADOPTS said judicial filing in its entirety and OVERRULES Plaintiff's Objections thereto, Doc. #13.

Plaintiff suffers from a variety of ailments including arthritis, Barrett's esophagus, degenerative disc disease of the lumbar spine, obesity, and anxiety. She has had surgery to repair a broken femur in her right leg. She claims that she is unable to work due to these conditions, and cannot sit, stand or walk for more than 30 minutes at a time.

The ALJ concluded that, although these impairments could reasonably be expected to cause the alleged symptoms, Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not entirely consistent with the medical evidence and other evidence in the record. The ALJ acknowledged that Plaintiff's medical records showed mild degenerative changes in the lumbar spine, and at times, the records noted a decreased range of motion. However, "generally, her exams were normal, a normal gait; no clubbing, cyanosis, or edema; no tenderness; normal back curvature with normal range of motion and no spasms; normal strength and tone; no malalignment; and normal abdominal findings." Tr. 19. The most recent treatment notes continued to reflect a disparity between her alleged limitations and the clinical findings. Tr. 20.

The ALJ concluded that Plaintiff was able to perform light exertional work with certain postural and environmental limitations and, therefore, was not "disabled" within the meaning of the Social Security Act. In so holding, the ALJ found the opinions of the State agency reviewing consultants Steve McKee, M.D., and Rebecca Neiger, M.D., to be persuasive and consistent with the record as a whole. Tr. 21. They opined that Plaintiff could lift, carry, push and pull 10 pounds

2

frequently and 20 pounds occasionally, and could stand and/or walk about 4 hours in an 8-hour workday, and sit about 6 hours in an 8-hour workday. Tr. 67-78, 98-102.

The ALJ found the earlier opinion of Amita Oza, M.D., a consultative examining physician, to be unpersuasive. *Id.* Based on the examination, Dr. Oza found that Plaintiff "appears [to be] uncomfortable if she is sitting, standing, or walking for more than 20 minutes and hence, work-related activities seem to be affected at this time, but she can do something from home where she can make herself comfortable." Tr. 504. Dr. Oza noted tenderness on palpation of Plaintiff's lower lumbar spine. Dr. Oza also noted surgical scars on Plaintiff's right leg and foot, and a limp on Plaintiff's right side. Additional clinical findings included possible arthritis in Plaintiff's back and right leg, restricted range of motion at the lumbar spine, right hip, and right knee, and slightly reduced range of motion at the right ankle. Otherwise, Dr. Oza noted normal range of motion in Plaintiff's upper body and left leg, and noted that Plaintiff's grip strength was strong. (Tr. 502-08).

The ALJ found Dr. Oza's opinion concerning Plaintiff's work limitations to be unpersuasive because it appeared to be based on Plaintiff's subjective complaints. He found that the opinion was "not supported by Dr. Oza's objective exam noting largely normal findings" and "not consistent with the record as a whole noting generally normal findings." Tr. 21.

3

Magistrate Judge Bowman concluded that the ALJ's non-disability finding was supported by substantial evidence in the administrative record. Plaintiff, however, objects to the Magistrate Judge's review of the ALJ's evaluation of Dr. Oza's opinion. Plaintiff argues that, like the ALJ, the Magistrate Judge mischaracterized Dr. Oza's exam findings. Magistrate Judge Bowman wrote that "aside from a small limp and slightly reduced range of motion in her lumbar spine and right lower extremity, muscle testing showed full strength, no atrophy, and the exam was otherwise unremarkable." Doc. #12, PageID#811. Plaintiff takes issue with several aspects of this statement, and argues that neither the ALJ nor the Magistrate Judge is qualified to make independent medical findings.

The Court overrules Plaintiff's objection. The characterizations of Dr. Oza's exam findings, by the ALJ and the Magistrate Judge, are supported by the record. For example, although Dr. Oza did not characterize Plaintiff's limp as "small," Dr. Oza did note that, despite the limp, Plaintiff did not regularly use a cane. Tr. 502. Moreover, other medical records indicate that Plaintiff had a "normal gait."

Plaintiff also notes that the Magistrate Judge characterized Plaintiff's range of motion in her hip, knee and lumbar spine as "slightly reduced," even though Dr. Oza did not characterize it in that way. Dr. Oza's clinical findings, however, show that Plaintiff's range of motion in her lumbar spine, right hip and knee, in most respects, was not significantly below normal. Tr. 507-08. Plaintiff also objects to the ALJ's characterization of Dr. Oza's exam as "noting largely normal findings," and to the Magistrate Judge's characterization of Dr. Oza's findings as

4

"otherwise unremarkable." These characterizations, however, are supported by the record as a whole.

As to the ALJ's finding that Dr. Oza's opinion was based on Plaintiff's subjective complaints, Plaintiff notes that Dr. Oza wrote that the restrictive work limitations were based on the examination. Tr. 504. Magistrate Judge Bowman, however, properly noted that Dr. Oza made no attempt to explain why the results of the exam warranted such restrictive work limitations. The Court agrees that the ALJ did not err in finding Dr. Oza's opinion to be unpersuasive.

Plaintiff next objects to the failure of the ALJ and the Magistrate Judge to reconcile inconsistencies in the opinions of Dr. McKee and Dr. Neiger. Both doctors noted that Dr. Oza's assessment was "generally consistent and medically supported based on presentation during objective evaluation, and collateral information in file." They nevertheless concluded, after reviewing all of the medical records, that Plaintiff was capable of performing light work. Although Dr. Neiger concurred with Dr. McKee's assessment of Plaintiff's capabilities, Dr. Neiger also suggested that sedentary work may be most appropriate. Plaintiff maintains that neither the ALJ nor the Magistrate Judge reconciled these inconsistencies and contradictions.

Although the ALJ did not specifically address these inconsistencies, the ALJ did cite to considerable evidence in the record indicating that, overall, Plaintiff's medical records showed largely normal findings, including a normal gait and normal range of motion. The ALJ also noted that the opinions of Dr. McKee and

5

Dr. Neiger were consistent with the evidence of record, including the most recent records which documented normal ambulation and a normal range of motion in Plaintiff's back. Tr. 21. Such records support the ALJ's finding that Plaintiff retains the residual functional capacity to perform light work subject to certain restrictions.

Because the Administrative Law Judge's non-disability finding is supported by substantial evidence in the administrative record, it is AFFIRMED. Judgment shall be entered in favor of Defendant and against Plaintiff.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: March 8, 2023

*(signature)*
WALTER H. RICE
UNITED STATES DISTRICT JUDGE